Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff
Doreen Garcia

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN GARCIA, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BPI SPORTS, LLC, a Florida limited liability company,<br><br>　　　　Defendant. | Case No.:  **'20 CV0620 WQHAHG**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) Violations of California's Consumers Legal Remedies Act, Cal Civ. Code 1750 § *et seq.*<br>2) Violations of Unfair Competition Law, California Business & Professions Code § 17500 *et seq.*<br>3) Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br>4) Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff Doreen Garcia ("Plaintiff") brings this action on behalf of herself and on behalf of all others similarly situated, against Defendant BPI Sports, LLC ("BPI Sports" or "Defendant"), based on Defendant's misleading business practices with respect to the packaging and sale of BPI BCAA dietary supplement powders, and substantially similar BPI products (hereafter, collectively referred to as "BPI Supplement Powders").[1]

2.     Defendant advertises and sells its BPI Supplement Powders in sealed, opaque plastic containers that contain much less product than the size of the containers indicates. In reality, the containers are filled with an unreasonable and unnecessary amount of non-functional empty space.  This intentionally deceptive packaging prevents the consumer from directly seeing the product's contents, and it leads reasonable consumers to believe that the containers are filled with significantly more product than they are, much to consumers' surprise after purchase.

3.     Defendant's intentional practice of substantially under-filling its BPI Supplement Powders' opaque containers with powder creates non-functional slack fill, in violation of state and federal laws.  The use of non-functional slack fill allows Defendant to lower its costs by deceiving customers into paying a price premium for what they are led to think is a large amount of product, when in reality, the amount of product consumers receive is much less than the large containers lead them to expect..  As a result, Defendant has realized sizable profits to the detriment of consumers.

4.     Indeed, the State of California has recognized the misleading nature of this non-functional slack fill. California Business and Professions Code

---

[1] On information and belief, the BPI Supplement Powders include, without limitation: Best BCAA (Original, Shredded, Energy, Recharged); One More Rep; 1.M.R. Vortex; Clinical Essential Aminos; Pump HD; Nitro HD; and Keto Weight Loss.

§12606.2(c) provides that "A container that does not allow the consumer to fully view its contents *shall be* **considered to be filled as to be misleading** if it contains nonfunctional slack fill."

5.     Plaintiff and other consumers have reasonably relied on Defendant's deceptive packaging in purchasing the BPI Supplement Powders.  If Plaintiff and other consumers had known that the products they purchased were packaged with large and non-functional amounts of empty space, they would not have purchased the BPI Supplement Powders or would have paid less for them.  Therefore, Plaintiff and other consumers have suffered injury-in-fact as a result of Defendant's deceptive practices, including, but not limited to, out-of-pocket costs incurred in purchasing the BPI Supplement Powders for a price premium.

## PARTIES

**Plaintiff Doreen Garcia**

6.     Plaintiff Doreen Garcia is a California citizen who resides in San Diego, California.  In or around mid-2018, Plaintiff Garcia purchased a container of BPI One More Rep dietary supplement powder from Walmart, a BPI-authorized retailer, in San Diego, California, which is located in San Diego County. Plaintiff Garcia purchased the BPI product for her own personal use.

7.     When Plaintiff purchased the BPI One More Rep dietary supplement powder, she reasonably believed the product's container was substantially filled with powder, and she relied on the container's size to gauge how much product she was purchasing.  Because of its opaque packaging, the contents of the container were not visible to Plaintiff at the time of purchase, and Plaintiff had no reason to believe that the container was not full, or at least substantially full, of the BPI Supplement Powder.  Further, Plaintiff had no way to determine the fill level based on either the packaging or labeling of the powder.

8.     However, upon opening the container after purchase, Plaintiff was surprised and upset to find that the container was mostly filled with air, and that

the supplement powder only took up half of the container's space. In fact, Plaintiff contacted BPI Sports shortly thereafter to complain about the under-filling. Plaintiff subsequently began purchasing a different dietary supplement from another manufacturer.

9.     If Plaintiff had known at the time of purchase that the BPI One More Rep dietary supplement powder container largely contained empty space and was less than halfway filled with the actual powder, she would not have purchased it or would have paid less for the product.

10.     Plaintiff would consider purchasing a BPI Supplement Powder in the future if the labeling and packaging were no longer misleading and deceptive, such that she could determine, prior to purchase, the level to which the containers are actually filled with dietary supplement powder as opposed to empty space.

**Defendant**

11.     Defendant BPI Sports, LLC is a limited liability company organized and in existence under the laws of the State of Florida, and it conducts business throughout the State of California. The corporate headquarters of BPI Sports, LLC, are located at 3149 SW 42nd Street, Suite 200, Hollywood, Florida 33312. BPI Sports, LLC, tests, manufactures, markets, distributes, and sells BPI Supplement Powders nationwide and in California.

12.     At all relevant times, Defendant was, and is, engaged in the business of designing, testing, manufacturing, marketing, distributing, and selling the BPI Supplement Powders in Los Angeles County, California, and throughout the United States of America.

## JURISDICTION

13.     This is a class action.

14.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6),

1    in that, as to each Class defined herein:

2        a.    the matter in controversy exceeds $5,000,000.00, exclusive of

3              interest and costs;

4        b.    this is a class action involving 100 or more class members; and

5        c.    this is a class action in which at least one member of the

6              Plaintiff class is a citizen of a State different from at least one

7              Defendant.

8    15.    The Court has personal jurisdiction over Defendant, which has at

9    least minimum contacts with the State of California because it has conducted

10   business there and has availed itself of California's markets through the

11   marketing, distributing, and selling of BPI Supplement Powders.

12                              **VENUE**

13   16.    Defendant, through its business of advertising, distributing, and

14   selling BPI Supplement Powders, has established sufficient contacts in this district

15   such that personal jurisdiction is appropriate.  Defendant is also deemed to reside

16   in this district pursuant to 28 U.S.C. § 1391(a).

17   17.    In addition, a substantial part of the events or omissions giving rise to

18   these claims, and a substantial part of the property that is the subject of this action,

19   are in this district.  Plaintiff's Declaration, as required under California Civil Code

20   § 1780(d) (but not pursuant to *Erie* and federal procedural rules), reflects that a

21   substantial part of the events or omissions giving rise to the claims alleged herein

22   occurred, or a substantial part of property that is the subject of this action, is

23   situated in Los Angeles County, California.  It is attached as **Exhibit 1**.

24   18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

25                         **FACTUAL ALLEGATIONS**

26   19.    At all relevant times, Defendant has distributed, marketed, advertised,

27   and sold BPI Supplement Powders across California and the United States.

28   Defendant sells BPI Supplement Powders at major retail and online outlets

including, without limitation, the BPI Sports website, Giant Eagle, GNC, Kroger, The Vitamin Shoppe, Walgreens, Walmart, and Amazon.com.[2]

20.     Pursuant to California Business and Professions Code §12606.2(c): A container that does not allow the consumer to fully view its contents *shall be* **considered to be filled as to be misleading** if it contains nonfunctional slack fill. Slack fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack fill is the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of the following:

(1)     Protection of the contents of the package.

(2)     The requirements of machines used for enclosing the contents of the package.

(3)     Unavoidable product settling during shipping and handling.

(4)     The need for the package to perform a specific function, such as where packaging plays a role in the preparation or consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers.

(5)     The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value that is both significant in proportion to the value of the product and independent of its function to hold the food, such as a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed or durable commemorative or promotional packages.

(6)     Inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required food labeling exclusive of any vignettes or other nonmandatory designs or label information, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices.

(7)     One or more of the following:

(A) The dimensions of the product or immediate product container are visible through the exterior packaging.

---

[2] https://bpisports.com/store-locator

(B) The actual size of the product or immediate product container is clearly and conspicuously depicted on any side of the exterior packaging, excluding the bottom, accompanied by a clear and conspicuous disclosure that the depiction is the "actual size" of the product or immediate product container. If there are multiple units of the same product in a package, only one "actual size" depiction is required per same size product or immediate product container.

(C) A line or a graphic that represents the product or product fill and a statement communicating that the line or graphic represents the product or product fill such as "Fill Line," both of which are clearly and conspicuously depicted on exterior packaging or the immediate product container if visible at point of sale. If the product is subject to settling, the line shall represent the minimum amount of product after settling.

(8)    The mode of commerce does not allow the consumer to view or handle the physical container or product.

(Cal. Bus. & Prof. Code § 12606.2(c) (emphasis added)).

21.    Further, the Federal Food, Drug, and Cosmetic Act (FDCA) prohibits the introduction of food products into interstate commerce that are misbranded. *See* 21 U.S.C. § 331(a).  Relevant here, "a food *shall be* **deemed to be misbranded** if its container is so made, formed, or filled as to be misleading."  21 C.F.R. § 100.100 (emphasis added).  Pursuant to 21 C.F.R. § 100.100(a):

A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:

(1) Protection of the contents of the package;

(2) The requirements of the machines used for enclosing the contents in such package;

(3) Unavoidable product settling during shipping and handling;

(4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is

clearly communicated to consumers;

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food, e.g., a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed; or durable commemorative or promotional packages; or

(6) Inability to increase level of fill or to further reduce the size of the package (e.g., where some minimum package size is necessary to accommodate required food labeling (excluding any vignettes or other nonmandatory designs or label information), discourage pilfering, facilitate handling, or accommodate tamper-resistant devices).

22.    The packaging of Defendant's BPI Supplement Powders products fits squarely within the foregoing definition of containing non-functional slack fill under both California and federal law, and does not meet any of the requirements under Cal. Bus. & Prof. Code § 12606.2(c)(1)-(8) or 21 C.F.R. § 100.100(a)(1)-(6).

23.    As shown in the photos below from the BPI Sports official website[3], the BPI Supplement Powders are all sold in a fully enclosed opaque container that does not allow consumers to even partially view the contents. Therefore, the packaging "does not allow the consumer to fully view its contents."  21 C.F.R. § 100.100(a).






[3] https://bpisports.com/

  

  

24.     BPI Supplement Powders' packaging is "filled to be misleading" due to the amount of non-functional slack fill it employs.  The BPI Supplement Powders' packaging is only filled to approximately 25-66% of the container, including the space taken by the internally packaged plastic scoop, and the packaging does not indicate the capacity of the container as it relates to the amount of product contained therein, thus preventing a reasonable consumer from determining the striking difference in volume between the capacity of the container and the fill amount.

25.     The BPI Supplement Powders contain "slack fill," as defined in Cal. Bus. & Prof. Code § 12606.2(c) and 21 C.F.R. § 100.100(a), because the empty space in the packaging is filled to substantially less than its capacity.  On information and belief, each of the BPI Sports products encompassed in what has been defined herein as BPI Supplement Powders, have substantially similar

*container size, density, and fill levels*; and thus, contain substantially similar non-functional slack fill based on the following facts.

26.    Specifically, all BPI Supplement Powders are sold in similar-sized containers, based on their measured height and widths.  Each container has a capacity, or volume, of approximately 611 or 680 cubic centimeters (cc), not including the lid space.

27.    Lastly, as depicted in the chart below, every BPI Supplement Powder is filled between 25% to 66% of its capacity, *regardless of the slight variations in density*.  Thus, each container contains substantially similar non-functional and *significant* slack-fill, which is unlawful under both state and federal laws.  The columns identified below assumes the container labeling is accurate and are based on: (1) the container volume identified above; (2) the volume of the scoops contained therein based on the engravings on the scooper; (3) the net weight as labeled on the respective products' front panel labeling; and (4) the weight per scoop as labeled on the respective products' back panel labeling.  The "Fill Level" column is the *maximum* fill level (volume) using the standard calculation for volume (volume equals weight divided by density) but, as shown in the pictures below, the fill level as received is even lower.

| | Net Wt.* | Container Volume** | Density*** | Fill Volume (cc)**** | Fill % |
|---|---|---|---|---|---|
| Best BCAA | 300g | 680cc | 0.68 | 441cc | 65% |
| Best BCAA Shredded | 275g | 680cc | 0.846 | 325cc | 47% |
| Best BCAA w/Energy | 250g | 680cc | 0.769 | 325cc | 47% |
| Best BCAA Recharged | 288g | 680cc | 0.777 | 370cc | 54% |
| Keto Weight Loss | 300g | 680cc | 0.667 | 449cc | 66% |
| One More Rep | 250g | 680cc | 0.769 | 325cc | 47% |
| 1.M.R Vortex | 120g | 680cc | 0.75 | 160cc | 25% |
| Clinical Essential Aminos | 180g | 611cc | 0.8 | 225cc | 36% |
| Pump HD | 220g | 611cc | 0.743 | 296cc | 48% |
| Nitro HD | 150g | 611cc | 0.555 | 270cc | 44% |

*in grams (g), based on packaging as labeled by BPI Sports.
**in cubic centimeters (cc), based on approximate height and radius of container.
***in cubic centimeters (cc) per gram (g), based on scoop volume (cc) and serving wt. (as labeled on packaging)
****in cubic centimeters (cc), based on net weight (g) and powder density (g/cc)

CLASS ACTION COMPLAINT








CLASS ACTION COMPLAINT

28.     Based on the similar weight, density, capacity and fill levels, ingredients, package sizes and engravings on the packages of the BPI Supplement Powders, Plaintiff is informed and believes that all BPI Supplement Powders were produced in the same or similar facilities using the same or similar equipment and methodology.

29.     The substantial slack fill contained in the BPI Supplement Powders, as it appears to consumers after purchase, is further exemplified in the photos below, depicting the unaltered contents of several of the BPI Supplement Powders and revealing the substantial empty space contained therein.

30.     Here, as set forth in California Business and Professions Code §12606.2(c), the amount of product that a consumer receives when purchasing BPI Supplement Powders is clearly "filled substantially less than its capacity," because the product only fills approximately 25-66% of the capacity of the container in which it is packaged.

31.     Moreover, the BPI Supplement Powders' slack fill is non-functional, and thus, unlawful, because it does not fit within any of the exclusive, enumerated safe harbor provisions set forth in 21 C.F.R. 100.100(a) and Cal. Bus. & Prof. Code § 12606.2(c):

a.     the slack fill does not protect the contents of the packaging, as the product is not fragile or breakable (*see* 100.100(a)(1) and 12606.2(c)(1));

b.     there is no reason that machines used for enclosing the contents of the package would require an outer container which can hold significantly more product than it actually does, especially when the machines used by Defendant are capable of producing higher fill levels in identical-sized containers for substantially similar products (*see* 100.100(a)(2) and 12606.2(c)(2));

c.  the slack fill is not necessary to accommodate product settling, as fine powder is not the sort of product that "settles" significantly enough to require double the amount of space; in fact, fine powders are the least likely to "settle" because they fill every space of their containers, similar to sand, such that if there is any settling, it is negligible and would not result in 34-75% of the container being empty (*see* 100.100(a)(3) and 12606.2(c)(3));

d.  the packaging does not perform a specific function other than containing the powder and is not used during the preparation of the food or protein shakes, as the slack fill is not necessary to facilitate mixing, shaking, or dispensing the products because the product is not intended for mixing or shaking within the container and does not dispense the product nor is such function inherent to the nature of the food or communicated to consumers (*see* 100.100(a)(4) and 12606.2(c)(4);

e.  the packaging is not decorative or commemorative, does not state or suggest that it is intended to be reused, and does not have value which is significant in proportion to the value of the product independent of containing the food, as evidenced by the photos above (*see* 100.100(a)(5) and 12606.2(c)(5));

f.  the container does not need to be significantly larger than its fill to accommodate necessary labeling information, as there are several sized containers for products sold by BPI Sports, as well as comparable products in various, smaller containers produced by competitors (*see* 100.100(a)(6) and 12606.2(c)(6));

g.  the dimensions of the product are not visible through the exterior packaging, as evidenced in the photos above (*see* 12606.2(c)(7)(A));

CLASS ACTION COMPLAINT

> h.  the actual size of the product is not depicted on any side of the exterior packaging, as evidenced in the photos above (*see* 12606.2(c)(7)(B));
>
> i.  the exterior packaging does not have a line or a graphic that represents the product or product fill and a statement communicating that the line or graphic represents the product or product fill such as "Fill Line," as evidenced in the photos above (*see* 12606.2(c)(7)(C)); and
>
> j.  the product is sold in a manner that allows consumers to view or handle the outer container of the product prior to purchase because it is sold in numerous brick-and-mortar retail locations (fn. 2) (*see* 12606.2(c)(8)).

32.  Defendant's packaging is misleading to reasonable consumers, including Plaintiff and potential class members, and it serves only to maximize Defendant's profits by forcing consumers to unknowingly pay more than they otherwise would have, had they known the BPI Supplement Powders contained substantial non-functional slack fill.

33.  Defendant knows, or should know, that consumers, like Plaintiff and other Class Members, reasonably rely on the size and style of their packaging in purchasing BPI Supplement Powders and would reasonably believe that the packaging contains significantly more powder than it actually does.

34.  In reasonable reliance on the size and style of their packaging, Plaintiff and Class Members purchased BPI Supplement Powders.

35.  Plaintiff and Class Members do not know, did not know, and have no reason to know at the time of purchase, that the BPI Supplement Powders' packaging contains a significant amount of empty space, because the containers are opaque with no view of the contents. Further, the containers do not include a fill line, and the net weight labeling provides no indication of the volume

contained therein.  A reasonable consumer cannot accurately determine the fill of the BPI Supplement Powders by shaking or squeezing the packaging and is certainly not expected to do so prior to purchasing them.

36.   To this day, Defendant continues to sell BPI Supplement Powders in deceptive packaging, without disclosing the true nature of the contents therein. Because the BPI Supplement Powders' packaging does not contain the amount of product reasonably expected by Plaintiff and Class Members, Defendant's uniform practice of filling and packaging BPI Supplement Powders in the foregoing manner was, and continues to be, misleading and deceptive, and cheats consumers.

37.   Each consumer has been exposed to the same or substantially similar deceptive practice, with the same misleading size and style of packaging, containing only approximately 25-66% of the container's capacity with powder and the rest with empty space (non-functional slack fill).

38.   Plaintiff and other consumers have paid an unlawful premium for the BPI Supplement Powders. If Plaintiff and Class Members knew how little product they were purchasing, and how significantly underfilled the containers were, Plaintiff and Class Members would not have purchased BPI Supplement Powders or would have paid less for them.  Therefore, Plaintiff and other consumers purchasing the BPI Supplement Powders suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

39.   As a result of their reliance on Defendant's representations, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing BPI Supplement Powders, for which Plaintiff and other consumers have paid an unlawful premium.  Specifically, they have paid for an amount of product that they expected but never received. Plaintiff and other consumers would have paid significantly less for BPI Supplement Powders had they known that the packaging only contained 25-66%

of the product that they had the capacity to hold.  Alternatively, Plaintiff and other consumers would not have purchased BPI Supplement Powders at all, had they known that the packaging only contained approximately 25-66% of the product that they had the capacity to hold. Therefore, Plaintiff and Class Members suffered injury-in-fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

40.    Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Defendant realized sizable profits.

41.    As a result of its misleading business practice, and the harm caused to Plaintiff and Class Members, Defendant should be enjoined from using this deceptive packaging, and should be required to pay for all damages caused to Plaintiff and Class Members.

## CLASS ALLEGATIONS

42.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

43.    Plaintiff's proposed Class and Sub Class(es) are defined as:

> **Class**: All individuals who purchased one or more containers of BPI Supplement Powders in the United States from four years prior to the filing of the complaint to the time of class certification.

> **California Sub-Class**: All individuals who purchased one or more containers of BPI Supplement Powders in California from four years prior to the filing of the complaint to the time of class certification.

> **CLRA Sub-Class**: All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d).

44.    Members of the Class(es) will collectively be referred to as "Class Members."

45.     Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and, (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.  There is a well-defined community of interest in the litigation and the class is readily ascertainable.

46.     Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable (tens of thousands, if not more). The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

47.     Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, were exposed to Defendant's misleading packaging, purchased a BPI Supplement Powder in reliance on the misleading packaging, and suffered losses as a result of such purchases.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they incurred expenses due to their reliance on Defendant's deceptive packaging, as described throughout this complaint.  Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

48.     Adequacy:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the

Classes she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

49.   <u>Commonality</u>:  Numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

   a.   Whether BPI Supplement Powders' packaging contains non-functional slack fill;

   b.   Whether Defendant's conduct was unlawful, unfair, and/or deceptive;

   c.   Whether Defendant's conduct violates federal and/or state consumer protection laws;

   d.   Whether Plaintiff and other Class Members are entitled to equitable relief, including, without limitation, a preliminary and/or permanent injunction;

   e.   Whether Plaintiff and other Class Members are entitled to damages;

   f.   Whether Defendant knew or reasonably should have known of its deceptive representations and omissions relating to its BPI Supplement Powders' packaging; and,

   g.   Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid a premium for BPI Supplement Powders in reliance on Defendant's deceptive packaging.

50.   <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims

prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*.,)

51.  Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

52.  Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the CLRA Sub-Class.

53.  Defendant is a "person" as defined by California Civil Code § 1761(c).

54.  Plaintiff and CLRA Sub-Class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they bought BPI Supplement Powders for personal, family, or household purposes.

55.  Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By packaging BPI Supplement Powders in its current misleading containers, Defendant has represented and continues to represent that the Product has quantities and characteristics which it does not have.  Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

56.  Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services

with intent not to sell them as advertised." By deceitfully packaging BPI Supplement Powders in a container with significantly greater volume than the product contained therein, and then intentionally selling BPI Supplement Powders in a manner that does not meet consumer expectations as to the quantity of powder contained in the packaging, Defendant has violated section 1770(a)(9) of the CLRA.

57.    At all relevant times, Defendant knew or reasonably should have known that the BPI Supplement Powders packaging contained a significant amount of non-functional slack fill, and that Plaintiff and other members of the CLRA Sub-Class would reasonably and justifiably rely on the size and style of the package in purchasing BPI Supplement Powders.

58.    Plaintiff and members of the CLRA Sub-Class have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing BPI Supplement Powders. Moreover, Defendant's fraudulent and misleading conduct is material in that a reasonable consumer would have considered the amount of product contained in the packaging to be important in deciding whether to purchase BPI Supplement Powders or pay less. Therefore, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of the CLRA Sub-Class.

59.    Plaintiff and members of the CLRA Sub-Class have suffered and continue to suffer injuries caused by Defendant, because they would not have purchased BPI Supplement Powders, or would have paid significantly less for it, had they known that the BPI Supplement Powders were significantly and unnecessarily under-filled.

60.    As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

61.   Under Cal. Civ. Code § 1780(a), Plaintiff and members of the CLRA Sub-Class seek restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Defendant's violations of the CLRA.  Plaintiff seeks to enjoin Defendant from the further use of deceptive non-functional slack fill in its products.

62.   On March 30, 2020, Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a).  If Defendant fails to provide appropriate relief for its violations of the CLRA within 30 days, Plaintiff will amend his complaint to seek monetary, compensatory, and punitive damages, in addition to injunctive and equitable relief.

## SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17500 *et seq.*)

63.   Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

64.   Plaintiff brings this cause of action on behalf of herself and on behalf of the Class, or in the alternative, on behalf of the California Class.

65.   California Business & Professions Code § 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

66.   Defendant has represented and continues to represent to the public, including Plaintiff and Class Members, through its deceptive packaging, that more product is contained within the BPI Supplement Powders than is actually contained.  Defendant's representation is misleading because the packaging contains 25-66% of the amount of product compared to what the packaging could potentially hold, and fill level that reasonable consumers expect.  Defendant made such untrue or misleading advertisements with the intent to dispose of said merchandise.

67.    Defendant knew, or in the exercise of reasonable care should have known, that these representations were misleading and deceptive, and that such representations continue to be misleading.

68.    As a result of their reliance on Defendant's misrepresentations, Class Members suffered an ascertainable loss of money, property, and/or value of the product.

69.    As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

70.    Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business & Professions Code, Plaintiff and Class Members are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for BPI Supplement Powders as a result of the wrongful conduct of Defendant.

## THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 *et seq.*)

71.    Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

72.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Class, or in the alternative, on behalf of the California Class.

73.    As a result of their reliance on Defendant's misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their BPI Supplement Powders.

74.    California Business & Professions Code § 17200 (the UCL) prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

75.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

76.     Defendant's false and misleading advertising of BPI Supplement Powders therefore was and continues to be "unlawful" because it contains unlawful non-functional slack fill as detailed herein in violation of 21 C.F.R. § 100.100 and Cal. Bus. & Prof. Code § 12606.2(c).

77.     Furthermore, Defendant's acts, conduct and practices also constituted violations of California's Consumers Legal Remedies Act; and violations of California's False Advertising Law.

78.     Defendant's acts, conduct, and practices were unfair because:

a.      the harm to consumers far outweighs the utility of Defendant's conduct, which is solely to increase Defendant's profits at the expense of consumers;

b.      consumers could not reasonably avoid harm, as they are unaware of the non-functional slack fill prior to purchase; and

c.      public policy, as set forth in federal and state slack-fill statutes, including 21 C.F.R. 21 C.F.R. § 100.100 and Cal. Bus. & Prof. Code § 12606.2(c), favors consumer protection from Defendant's specific conduct described herein.

79.     By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

80.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

81.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.  Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

Business & Professions Code.

## **FOURTH CAUSE OF ACTION**

### **(For Unjust Enrichment)**

82.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

83.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Class, or, in the alternative, on behalf of the California Class, against Defendant.

84.     As a direct and proximate result of Defendant's misrepresentations, Defendant have profited through the sale of BPI Supplement Powders. Although some of the powders can be purchased through Defendant's agents, the money from the products' sales flows directly back to Defendant.

85.     Defendant has therefore been unjustly enriched as a result of Defendant's deceptive business practices in advertising, marketing, and selling the BPI Supplement Powders through the use of funds that earned interest or otherwise added to Defendant's profits when said money should have remained with Plaintiff and Class Members.

86.     As a result of the Defendant's unjust enrichment, Plaintiff and Class Members have suffered damages.

## **PRAYER FOR RELIEF**

87.     Plaintiff, on behalf of herself, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

        a.     An order certifying the proposed Class and Sub-Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

        b.     An order enjoining Defendant from further deceptive advertising, sales, and other business practices with respect to its BPI Supplement Powders;

1      c.    A declaration requiring Defendant to comply with the various

2             provisions of California's False Advertising Law and CLRA

3             alleged herein and to make all the required representations;

4      d.    A declaration that Defendant must disgorge, for the benefit of

5             the Class, all or part of the ill-gotten profits it received from

6             the sale of BPI Supplement Powders, or make full restitution to

7             Plaintiff and Class Members;

8      e.    An award of attorneys' fees and costs, as allowed by law;

9      f.    An award of attorneys' fees and costs pursuant to California

10             Code of Civil Procedure § 1021.5;

11      g.    An award of pre-judgment and post-judgment interest, as

12             provided by law;

13      h.    Leave to amend the Complaint to conform to the evidence

14             produced at trial; and

15      i.    Such other relief as may be appropriate under the

16             circumstances.

17                       **<u>DEMAND FOR JURY TRIAL</u>**

18 Plaintiff hereby demands a trial by jury of any and all issues in this action so

19 triable.

20

21 Dated: March 31, 2020             Respectfully submitted,

22                                 Capstone Law APC

23

24                         By: /s/ Steven R. Weinmann

25                           Steven R. Weinmann
                             Tarek H. Zohdy

26                           Cody R. Padgett
                            Trisha K. Monesi

27                         Attorneys for Plaintiff Doreen Garcia

28

CLASS ACTION COMPLAINT